UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **886 JOHNSON FERRY ROAD HOLDINGS, LLC,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **TERRACE EAST COBB PROPCO (SL-VI) LLC,** ) <br> ) <br> Defendant. ) <br> ) | **CIVIL ACTION FILE** <br><br> NO. _____ |

## AFFIDAVIT OF ARIEL LEVIN

I, Ariel Levin, hereby declare as follows:

1. My name is Ariel Levin, and my work address is 900 19th Street NW 8th Floor, Washington, DC 20006.

2. I am over the age of 21, under no legal disability, and am competent to make this Affidavit. I have never been convicted of a felony or a crime involving moral turpitude.

3. I am employed by CWCapital Asset Management LLC ("**CWCAM**") as a Vice President. CWCAM offers many services, including asset management and special servicing. In fact, CWCAM has been ranked as the #1 ranked CMBS Special Servicer for Federal Home Loan Mortgage Corporation ("**FHLMC**") for the last four years.

1

4. CMBS refers to commercial mortgage-backed securities, a financial product whereby a commercial (as opposed to residential) mortgage is held by a trust established just for that purpose. In general terms, while the trust holds the mortgage, the trustee of that trust engages a servicer to handle the day-to-day operations related to the mortgage, such as collecting amounts owed by the mortgagor or communicating with the mortgagor as needed. If a mortgagor defaults on the mortgage, sometimes a special servicer is engaged to leverage the special servicer's particular knowledge and expertise in addressing that type of situation.

5. My role with CWCAM frequently involves supporting CWCAM's efforts as special servicer to FHLMC loans. This is one such situation.

6. In my role with CWCAM, I regularly review CWCAM's business records, which include records related to the loan and property securing that loan in respect of which CWCAM is serving as special servicer.

7. The facts set forth herein are based upon my personal knowledge and review of identified business records of CWCAM and are true and correct.

8. In light of my role as Vice President for CWCAM, I am a custodian of records for CWCAM, including of the records that are attached as Exhibits 1 through 9 to this affidavit.

9. Plaintiff in this action is 886 Johnson Ferry Road Holdings, LLC ("**Lender**"), a Delaware limited liability company. The sole member of Lender is

U.S. Bank National Association, as Trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2017-K725 (the "**Trustee**").

10. Lender holds a mortgage in respect of a single building assisted living and memory care community in Marietta, Cobb County, Georgia now known as Arbor Terrace at East Cobb (the "**Property**").

11. The Property is more fully described in the Multifamily Deed to Secure Debt, Assignment of Rents and Security Agreement effective as of September 22, 2016 (the "**Deed to Secure Debt**") and recorded in Deed Book 15383, Page 2679 in the records of Cobb County, Georgia. A true and correct copy of the Deed to Secure Debt is attached at **Exhibit 1**.

12. As it relates to this action, the Trustee has engaged CWCAM as special servicer to act on its behalf in respect of its interest in and to the Property.

13. The records that are attached to this affidavit as Exhibits 1 through 9 are incorporated, made, and kept in the regular course of CWCAM's business, and it is the regular practice of CWCAM's business to make this type of record at or near the time of each act, event, or condition set forth.

14. These records were made by, of, or from information transmitted by persons with knowledge of the matters set forth. The records were kept in the course of a regularly conducted business activity. It was the regular practice of the business

activity to make and maintain these records. The records that are attached to this affidavit as Exhibits 1 through 9 are exact duplicates of the original records.

15. On or about September 22, 2016, Borrower Terrace East Cobb Propco (SL-VI) LLC ("**Borrower**") and CBRE Capital Markets, Inc. (the "**Original Lender**") entered into that certain Multifamily Loan and Security Agreement – Seniors Housing between Borrower and Original Lender dated as of September 22, 2016, (as subsequently amended or restated, the "**Loan Agreement**"), pursuant to which Original Lender agreed to loan $19,000,000 to Borrower and, together with the security afforded under the other Loan Documents (defined below), to secure all of Borrower's obligations under the Loan Agreement. A true and correct copy of the Loan Agreement is attached as **Exhibit 2**.

16. In connection with the Loan Agreement, on or about September 22, 2016, Borrower executed that certain Multifamily Note (the "**Multifamily Note**") pursuant to which, *inter alia*, Borrower agreed to make the payments described in the Multifamily Note. A true and correct copy of the Multifamily Note is attached as **Exhibit 3**.

17. The records reflect that Original Lender agreed to assign all of its rights, title, and interest in and to the Property as reflected in the Deed to Secure Debt, Loan Agreement, Multifamily Note, and other related documents to FHLMC pursuant to that certain Assignment of Security Instrument recorded on October 13, 2016 in

Deed Book 15383, Page 2763, and re-recorded on November 11, 2016 in Deed Book 15392, Page 4039, and further re-recorded on January 31, 2017 in Deed Book 15415, Page 523 the records of Cobb County, Georgia (the "**FHLMC Assignment**"). A true and correct copy of the FHLMC Assignment is attached as **Exhibit 4**.

18. FHMLC subsequently transferred all of its rights, title, and interest in and to the Property to the Trustee by executing that certain Assignment of Security Instruments through which FHMLC conveyed, assigned, transferred, and set over its interest in the Deed to Secure Debt, Loan Agreement, Multifamily Note, and all other documents and instruments relating to or securing said Deed to Secure Debt to the Trustee (the "**U.S. Bank Assignment**"). A true and correct copy of the U.S. Bank Assignment is attached as **Exhibit 5**.

19. FHLMC also executed that certain Allonge to Note dated April 24, 2017 (the "**U.S. Bank Allonge to Note**"), which directed Borrower to pay any amounts due under the Multifamily Note to the Trustee. A true and correct copy of the U.S. Bank Allonge to Note is included in **Exhibit 3**.

20. The Trustee subsequently transferred all of its rights, title, and interest in and to the Property to Lender by executing that certain Omnibus Assignment as well as that certain Assignment of Multifamily Deed to Secure Debt, Assignment of Rents, and Security Agreement (the "**886 Johnson Ferry Road Assignment**").

True and correct copies of the Omnibus Assignment and 886 Johnson Ferry Road Assignment are included as **Exhibits 6 and 7**.

21. The Trustee also executed that certain Allonge to Note dated May 3, 2024, which directed Borrower to pay any amounts due under the Multifamily Note to Lender (the "**886 Johnson Ferry Allonge to Note**," together with U.S. Bank Allonge to Note and the Multifamily Note, the "**Note**"). A true and correct copy of the 886 Johnson Ferry Allonge to Note is included as part of **Exhibit 3**.

22. The Loan Agreement, Deed to Secure Debt, and Note and any and all other documents executed in connection therewith and/or relating in any way thereto are referred to herein and hereinafter either individually, or collectively, as the "**Loan Documents**."

23. Borrower defaulted under the Loan Documents when, among other things, it failed to repay the outstanding principal balance of the Loan on or before the Maturity Date of October 1, 2023 ("**Default Date**").

24. Lender notified Borrower of this Event of Default by letter dated October 24, 2023, a true and correct copy of which is attached as **Exhibit 8**.

25. On information and belief, the Property is worth less than the amount due and payable under the Loan Documents.

26. In the months following Borrower's event of default, CWCAM actively negotiated with Borrower regarding a resolution on Borrower's Event of Default, but CWCAM and Borrower were unable to reach a resolution.

27. After the Event of Default described above, CWCAM investigated the nature and status of the Property.

28. The Property is an assisted living and memory care community that includes 90 total units, consisting of 56 assisted living units, 14 bridge units designed for residents living with the early stages of Alzheimer's, and 20 memory care units designed for residents living with Alzheimer's disease or another type of dementia.

29. The Property requires repairs, replacements, and improvements this year, including new hallway carpeting, a new fence around the dumpster, and upgrades to the dining room and other common areas around the Property.

30. Accordingly, a receiver must be in place before Lender forecloses on the Property. If Lender forecloses on the Property and the deed is not recorded that same day, Borrower could abandon the Property before Lender is able to take control and possession of the Property. Such disruption would be detrimental to the health and welfare of the Property's residents.

31. Based on Borrower's default and the nature of the Property, Lender recommends that the Court appoint Mr. Matthew D. Mason of Riveron RTS, LLC, 401 South Old Woodward Avenue, Suite 340, Birmingham, Michigan 48009 as

receiver over the Property. CWCAM has worked with Mr. Mason on numerous occasions and believe he is both well qualified and well situated to serve as receiver for the Property. A true and correct copy of Mr. Mason's brief biography is attached as **Exhibit 9**.

32. In light of Borrower's defaults, Lender had to retain and pay counsel to pursue remedies in this action.

FURTHER AFFIANT SAYETH NOT

I declare under penalty of perjury that the foregoing is true and correct.

_____
**ARIEL LEVIN**

SWORN TO AND SUBSCRIBED before me in _____ County, District of Columbia, by Ariel Levin on this 10th of May 2024.

_____
Notary Public, _____

My Commission Expires: 1-1-2027